UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WAHIDULLAH AMERKHAIL,           )
                                )
            Plaintiff(s),        )
                                )
        v.                       )          Case No. 4:22-cv-00149-SRC
                                )
ANTONY BLINKEN, et al.,          )
                                )
            Defendant(s).        )

**<u>Memorandum and Order</u>**

Looking forward to beginning their life together, Wahidullah Amerkhail petitioned the government for a visa that would allow his fiancée to journey to the United States.  After years of alleged delay, Amerkhail now sues for a court order compelling the government to finish adjudicating the application.  Defendants move to dismiss for lack of subject matter jurisdiction, raising three mootness arguments.  Some of these arguments have merit, and the Court in part grants and denies the Defendants' motion.

**I.      Background**

The Court accepts the following facts as true for purposes of the motion to dismiss. This case centers on Amerkhail's K-1 visa petition for his fiancée.  According to the Department of State, a K-1 visa permits a foreign-citizen fiancé(e) to travel to the United States and marry his or her United-States-citizen sponsor within 90 days of arrival.  U.S. Dep't of State, *Nonimmigrant Visa for a Fianc(é)e (K-1)*, TRAVEL.STATE.GOV (last accessed July 21, 2022), https://travel.state.gov/content/travel/en/us-visas/immigrate/family-immigration/nonimmigrant-visa-for-a-fiance-k-1.html#4; *see Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (citation omitted) (noting that courts may take judicial notice of government

websites).  After the wedding, the foreign citizen can then apply for permanent-resident status.

*Id.*  To start the process, the United-States-citizen sponsor files a petition with United States

Citizenship and Immigration Services, and after Citizenship and Immigration Services approves

the petition, the petition goes to the Department of State's National Visa Center.  *Id.*  The

National Visa Center then sends the petition to the appropriate embassy for a consular officer to

conduct a visa interview.  *Id.*

        In August 2018, Amerkhail filed a K-1 visa petition for his fiancée, Lima Nawabi, with

Citizenship and Immigration Services so that she could come to the United States as a permanent

resident.  Doc. 1 at ¶¶ 11–13.  Citizenship and Immigration Services approved the petition in

January 2019.  *Id.* at ¶ 12.  In August 2019, a consular officer conducted a visa interview with

Nawabi in Frankfurt, Germany.  *Id.* at ¶ 14.

        After the interview, the consular officer "refused" the visa application and placed it in

"administrative processing."  Doc. 1 at ¶ 15; *Visa Status Check,* U.S. DEP'T OF STATE,

https://ceac.state.gov/ceacstattracker/status.aspx (last accessed August 3, 2022).  The Court takes

judicial notice of the status of the visa application on the U.S. Department of State website.  *See*

*Klahr*, 830 F.3d at 793; *see also* Doc. 1 at ¶ 1 (stating Amerkhail's assigned Immigrant Visa

Case Number).  Amerkhail alleges he and his fiancée have not received meaningful responses to

their inquiries regarding the status of the visa.  Doc. 1 at ¶ 16.

        In February 2022, Amerkhail filed this lawsuit against Antony Blinken, Secretary of

State; Merrick Garland, the Attorney General; Alejandro Mayorkas, Secretary of Homeland

Security; Ur Mendoza Jaddou, Director of United States Citizenship and Immigration Services;

Christopher Wray, Director of the Federal Bureau of Investigation; Richard Visek, Department

of State's Acting Legal Advisor; Woodward Price, Chargé d'affaires at the U.S. Embassy in

Germany; and Norman Scharpf, Consul General at the U.S. Consulate General in Frankfurt. *Id.* at ¶¶ 6–10.

The lawsuit alleges that the Defendants have unreasonably delayed adjudication of his fiancée's visa and brings claims under the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361. Doc. 1 at ¶¶ 11–35. The Defendants filed a motion to dismiss for lack of subject-matter jurisdiction. Doc. 5. The parties have fully briefed the motion. Docs. 6, 7, 8.

## II.     Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for lack of subject-matter jurisdiction. To invoke federal jurisdiction, a plaintiff must demonstrate the existence of an actual and concrete dispute. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). If at any point before or during the proceedings the case becomes moot, the Court's jurisdiction dissipates. *Id.* The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). In a facial attack, "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). To survive a motion to dismiss for lack of subject-matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject-matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

III.    **Discussion**

Defendants move to dismiss for lack of subject-matter jurisdiction, raising three mootness arguments.  Doc. 6 at pp. 5–9.  First, Defendants Mayorkas and Jaddou argue that because both the Department of Homeland Security and Citizenship and Immigration Services have completed all the steps in the visa-adjudication process for which they are responsible, the claims against them are moot.  Doc. 6 at pp. 5–6.  Second, Defendants Garland and Wray argue that "there's nothing either can do to compel action" regarding the visa application.  Doc. 6 at pp. 6–7.  Third, all Defendants argue that since a consular officer has adjudicated and refused the visa application, "there is nothing for this Court to do."  Doc. 6 at pp. 8–9.

As an initial matter, the Court notes that Defendants cite only Amerkhail's allegations along with at-this-stage judicially noticeable facts.  *See* Doc. 6 at p. 6.  Thus, the Court agrees with Defendants' characterization of their motion as a "facial attack" on the Court's subject-matter jurisdiction.  *Croyle*, 908 F.3d at 380 ("In deciding a motion under Rule 12(b)(1), *the district court* must distinguish between a facial . . . and a factual attack." (emphasis added)); *see also id.* at 380–81 ("This court is bound by the district court's characterization of the Rule 12(b)(1) motion." (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016))).  Accordingly, Amerkhail enjoys "the same protections as [he] would defending against a motion brought under Rule 12(b)(6)."  *Osborn*, 918 F.2d at 729 n.6.  With this in mind, the Court addresses Defendants' three mootness arguments in turn.

A.    **Defendants Mayorkas and Jaddou**

Mayorkas and Jaddou argue that both the Department of Homeland Security and Citizenship and Immigration Services have completed all the steps in the visa-adjudication

process for which they are responsible in this case; thus, no live controversy exists between them and Amerkhail, and the claims against them are moot.  Doc. 6 at pp. 5–6.

As mentioned, mootness occurs when no "actual and concrete" dispute exists, such that resolution of a claim will have no direct consequences for the parties involved.  *Sanchez-Gomez*, 138 S. Ct. at 1537.  According to the complaint, Amerkhail filed a visa petition on behalf of his fiancée in August 2018, and Citizenship and Immigration Services approved the petition in January 2019.  Doc. 1 at ¶ 12.  After conducting a visa interview in August 2019, a consular officer placed the visa application in "administrative processing."  Doc. 1 at ¶ 14.

Amerkhail alleges that the delay in completing the visa-adjudication process is unreasonable.  Doc. 1 at ¶ 19.  Regardless of the State Department's allegedly unreasonable delay in completing the adjudication process, Amerkhail has pleaded no facts alleging that Defendants Mayorkas or Jaddou bear responsibility for that delay.  Doc. 1 at ¶¶ 12, 26.

Amerkhail argues against dismissal of Mayorkas and Jaddou because "[t]he reality is, the Government Defendants work together and frequently transfer cases back and forth," and because "[p]laintiffs in immigration cases cannot always be sure what is happening behind the scenes."  Doc. 7 at p. 8.  But Amerkhail fails to address Mayorkas and Jaddou's argument—and Amerkhail's admission—that "USCIS approved this visa petition" long ago.  Doc. 1 at ¶ 12.  Moreover, despite Amerkhail's argument that the Defendants transfer cases back and forth, Amerkhail pleads no facts in his complaint to suggest that Mayorkas and Jaddou will again consider his petition.

Amerkhail himself alleges that "[he] properly filed with USCIS a visa petition for his fiancée" and that "USCIS approved this visa petition."  *Id.*; *see Niaz v. Chertoff*, No. C-7-4030, 2007 WL 4246018, at *1 (N.D. Cal. Nov. 29, 2007) (holding claim against Citizenship and

Immigration Services moot after "USCIS received the petition . . . approved the petition . . . , and forwarded the approved petition to the NVC.").  Because the complaint itself establishes that Mayorkas and Jaddou have completed their role in the adjudication of Amerkhail's petition, Amerkhail's claims against them are "now moot," *Niaz*, 2007 WL 4246018, at *1, and the Court grants their motion to dismiss for lack of subject-matter jurisdiction.  *See Wilkes v. Blinken*, No. 21-cv-01148-SRC, 2022 WL 1288402, at *3 (E.D. Mo. Apr. 29, 2022) (dismissing defendants Mayorkas and Jaddou because the complaint itself established they had completed their role in the visa-adjudication process).

>    **B.**    **Defendants Garland and Wray**

Attorney General Garland and FBI Director Wray move to dismiss for lack of subject-matter jurisdiction, arguing they have no role in the visa-adjudication process.  Doc. 6 at pp. 6–7. Under both the Administrative Procedure Act and the Mandamus Act, Amerkhail must allege that Garland and Wray owe him a duty to act.  *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a *duty owed to the plaintiff*." (emphasis added)); *Ctr. for Biological Diversity v. U.S. E.P.A.*, 794 F. Supp. 2d 151, 156 (D.D.C. 2011) ("Because 'a delay cannot be unreasonable with respect to action that is not required,' an unreasonable-delay claim requires that the agency has a duty to act in the first place." (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 n.1 (2004))); *see also Alvarez v. Raufer*, No. 19-cv-03155, 2020 WL 1233565, at *2 (E.D. Pa. Mar. 12, 2020) ("Courts tend to treat as jurisdictional the issue of whether Defendants have a nondiscretionary duty that is subject to claims of unreasonable delay.").

Here, Amerkhail justifies suing Garland and Wray with the terse statements that the Department of Justice "ensur[es] compliance with all applicable federal laws," and that Amerkhail "suspects" that the FBI could be delaying a needed security check.  Doc. 1 at ¶¶ 7, 8. However, Amerkhail does not allege, nor can he, that either the FBI or the Attorney General has "a duty to assist with the issuance of . . . visa petitions."  *El-Arbi v. Poulos*, No. 07-cv-06646, 2008 WL 11342690, at *3 (C.D. Cal. Apr. 3, 2008).  Because Amerkhail has not pleaded the existence of a duty to act owed to him by either Garland or Wray, the Court grants their motion to dismiss.  *See Wilkes*, 2022 WL 1288402, at *4 (dismissing defendants Garland and Wray because the plaintiff failed to plead they had a duty to act).

### C.   Defendants Blinken, Visek, Price, and Scharpf

Having dismissed Defendants Mayorkas, Jaddou, Garland, and Wray, the Court now considers—and rejects—the argument by Blinken, Visek, Price, and Scharpf, the remaining Defendants, that the case is moot because "a U.S. consular officer has adjudicated and refused the visa application."  Doc. 6 at pp. 8–9 (cleaned up).

Under the Administrative Procedure Act, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof," 5 U.S.C. § 702, and "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706.  Thus, the Act provides "limited authority . . . to review whether agency action has been 'unlawfully withheld or unreasonably delayed' . . . ."  *Org. for Competitive Markets v. U.S. Dep't of Agric.*, 912 F.3d 455, 461–62 (8th Cir. 2018) (quoting 5 U.S.C. § 706).  Though "an agency's mere failure to act is usually not a final agency action triggering judicial review," *id.* at 462, "a claim under § 706(1) should be

reviewed as a petition for a writ of mandamus," *id.* (citing *Telecomms. Rsch. & Action Ctr. v. F.C.C.* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984)).

Similarly, under the Mandamus Act, federal courts may issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "The standard for undue delay under the Mandamus Act . . . is identical to the APA standard."  *Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) (citing *Norton*, 542 U.S. at 63–64); *see Mohammad v. Blinken*, 548 F. Supp. 3d 159, 164–65 (D.D.C. 2021) (quoting *Kangarloo*, 480 F. Supp. 3d at 142).

"In a facial attack," like the one Defendants make here, "the [C]ourt merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction."  *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (citation omitted).  And as mentioned, in doing so "the [C]ourt restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  *Id.* (citing *Osborn*, 918 F.2d at 729 n.6).

Defendants' sole jurisdictional argument is that because the Department of State website "makes clear" that "a U.S. consular officer has adjudicated and refused the visa application," the case is moot.  Doc. 6 at p. 8 (cleaned up).  The Court disagrees.

As mentioned, the Court takes judicial notice of the status of Amerkhail's fiancée's visa application on the U.S. Department of State website.  The Court includes a screenshot of the entirety of the visa-status-check message below:



*Visa Status Check,* U.S. Dep't of State, https://ceac.state.gov/ceacstattracker/status.aspx (last

accessed August 3, 2022).

   Consistent with the visa-status-check message, Amerkhail alleges in his Complaint that

the consular officer placed the visa application in "administrative processing," and that he and

his fiancée have made numerous inquiries as to the status of the application but have not received

any meaningful responses.  Doc. 1 at ¶¶ 15–17.  It is this "administrative processing" delay that

Amerkhail alleges is unreasonable, *id.* at ¶ 29, and he seeks an order "requiring the Defendants to

complete the adjudication process," *id.* at ¶ 19.

   The regulation applicable here is 22 C.F.R. § 42.81(e), which states:

> Reconsideration of refusal. If a visa is refused, and the applicant within one year
> from the date of refusal adduces further evidence tending to overcome the ground
> of ineligibility on which the refusal was based, the case shall be reconsidered. In
> such circumstance, an additional application fee shall not be required.

While the Eighth Circuit has not addressed the issue, the Ninth Circuit has observed that "[t]he

mandatory language used in the regulation makes the act of reconsideration non-discretionary

when the applicant within a one year period from the denial of a visa 'adduces further evidence

tending to overcome the ground of ineligibility on which the refusal was based . . . ."  *Rivas v.*

*Napolitano*, 714 F.3d 1108, 1111 (9th Cir. 2013) (citing 22 C.F.R. § 42.81(e)).  And "[o]nce this

is done, consular officials have a duty to reconsider a case and must take action." *Id.*; s*ee also Salem v. Holder*, No. 10-cv-6588, 2012 WL 2027097, at *3 (W.D.N.Y. June 5, 2012) ("Defendants have a non-discretionary duty to reconsider the subject visa application under 22 C.F.R. § 42.81(e), and the Court therefore has subject matter jurisdiction over this mandamus action, pursuant to, *inter alia,* 28 U.S.C. § 1361." (citations omitted)).  *But see Elhabash v. U.S. Dep't of State*, No. 09-cv-05847, 2010 WL 1742116, at *3 (D.N.J. Apr. 27, 2010) (concluding that an administrative-processing refusal required dismissal for lack of subject-matter jurisdiction).

Defendants contend that "nowhere in the Complaint is this [reconsideration] theory alleged."  Doc. 6 at p. 8 n.6.  But Amerkhail need not cite 22 C.F.R. § 42.81(e)—his factual allegations are what matters.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." (citations omitted)).

The Court notes that in their memoranda regarding the motion to dismiss, the parties dispute what documents, if any, the Consulate requires from Amerkhail or his fiancée in order to complete "administrative processing."  The parties also dispute whether Amerkhail or his fiancée have provided such documents.  But other than a translation of a German-language "INA 221(g)" form that Amerkhail attached to his response, the parties do not attach affidavits or other evidence supporting their assertions.  And in any event, those issues are not properly before the Court—Defendants' facial challenge limits the Court to considering Amerkhail's allegations, along with judicially noticeable facts.

Accepting Amerkhail's allegations as true and granting all reasonable inferences in his favor, as the Court must when considering a facial attack on jurisdiction, *Osborn*, 918 F.2d at 729 n.6, and taking judicial notice of the visa-status-check message, the Court concludes that Amerkhail "has sufficiently alleged a basis of subject matter jurisdiction," *see Branson Label, Inc.*, 793 F.3d at 914.  He claims Defendants have unreasonably delayed completing the "administrative processing" step of adjudicating his fiancée's visa application.  Thus, the Court concludes the case is not moot.  *See Sanchez-Gomez*, 138 S. Ct. at 1537.

The Court notes that, while Defendants chose not to do so here, if they wish to raise a factual attack on the Court's jurisdiction, "the proper course is to request an evidentiary hearing on the issue."  *Osborn*, 918 F.2d at 730 (citing *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)).  "The motion may be supported with affidavits or other documents, and "[i]f necessary, the [Court] can hold a hearing at which witnesses may testify."  *Id.* (citing *Crawford*, 796 F.2d at 928)).  The Court also notes that Defendants chose not to file a motion to dismiss for failure to state a claim, and do not argue that the Court should apply the *TRAC* factors to determine whether Amerkhail states a plausible claim for unreasonable delay.  *See TRAC*, 750 F.2d at 80 (setting forth the *TRAC* factors); *Irshad v. Johnson*, 754 F.3d 604, 607–08 (8th Cir. 2014) (applying the *TRAC* factors); *Wilkes*, 2022 WL 1288402, at *4–7 (applying the *TRAC* factors in the context of a motion to dismiss for failure to state a claim).  All the Court holds today is that Defendants' "administrative-processing" refusal does not render the case moot.

## IV.    Conclusion

The Court grants in part and denies in part the Defendants' [5] Motion to Dismiss, and dismisses Defendants Merrick Garland, Alejandro Mayorkas, Ur Mendoza Jaddou, and

Christopher Wray from the case.  The claims against Defendants Antony Blinken, Richard

Visek, Woodward Price, and Norman Scharpf remain.

So Ordered this 7th day of September 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE